CANADY, Judge.
K.K. appeals an order of the trial court terminating his parental rights. This order was based on a “default” for “failure to appear” at the adjudicatory hearing in his case. K.K. arrived at the adjudicatory hearing approximately twenty minutes late. K.K’s attorney then moved that the trial court set aside the default and hear the case. Counsel explained to the court that K.K. was late because the disabled relative who had provided transportation for K.K. had experienced difficulty finding a handicapped parking space near the courthouse. The trial court denied the motion to set aside the default. In doing so, the trial court abused its discretion.
This is one of a number of cases in which the trial court either adjudicated a child dependent or terminated parental rights due to a parent’s tardiness in appearing for the scheduled hearing. For the reasons this court has previously explained, we reverse the order terminating K.K.’s parental rights and remand for further proceedings. See T.E.D. v. Dep’t of Children & Family Servs., 28 Fla. L. Weekly D2714, — So.2d -, 2003 WL 22795083 (Fla. 2d DCA Nov. 26, 2003) (reversing order terminating father’s parental rights which was based on a default entered for the father’s tardy appearance at hearing); see also G.A. v. Dep’t of Children & Family Servs., 857 So.2d 310 (Fla. 2d DCA 2003) (reversing order adjudicating child dependent which was based on a default entered for father’s tardy appearance at hearing). “This opinion does not require the trial court to alter custody or current visitation rights, but the trial court must review these issues and make a lawful decision as soon as possible following issuance of our mandate.” T.E.D., 28 Fla. L. Weekly at D2714, — So.2d at -.
Reversed and remanded.
CASANUEVA and VILLANTI, JJ., concur.